**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **STEVEN C. MATTHEWS** | ) | |
| **PEGGY MATTHEWS** | ) | |
| **Plaintiffs** | ) | |
| **vs.** | ) | **Cause No. 1:07-cv-01220-DFH-WTL** |
| | ) | |
| **CAPITAL ONE BANK** | ) | |
| **WELTMAN, WEINBERG,** | ) | |
| **& REISS CO., LPA** | ) | |
| **R. MATTHEW VAN SICKLE** | ) | |
| **JAVITCH, BLOCK, & RATHBONE, LLP** | ) | |
| **CHRISTOPHER CASSIDY** | ) | |
| **Defendants** | ) | |

## AMENDED COMPLAINT

Now comes Plaintiffs, Steven C. Matthews and Peggy Matthews, in person and by counsel Eric C. Jodka and Daniel R. Carroll, and for this complaint against Capital One Bank, Weltman, Weinberg, & Reiss Co., LPA, Javitch, Block & Rathbone, R. Matthew Van Sickle, and Christopher Cassidy allege as follows:

## PARTIES

1. Steven C. Matthews and Peggy Matthews are individuals, husband and wife, and are residents of the Town of Fishers in Hamilton County, Indiana.

2. Capital One Bank is a Virginia bank corporation with it's headquarters in Richmond, Virginia

3. Weltman, Weinberg, & Reiss, LPA is a professional association of attorneys with offices in Cincinnati, Ohio. This Defendant is a debt collector within the meaning and intent of the Fair Debt Collection Practices Act (FDCPA).



SCANNED

4. R. Matthew Van Sickle (Van Sickle) is an attorney licensed to practice law in Ohio and practices with or for Weltman, Weinberg, & Reis. This Defendant is a debt collector within the meaning and intent of the Fair Debt Collection Practices Act (FDCPA).

5. Javitch, Block, & Rathbone (Javitch) is a professional association of attorneys with offices in Indianapolis, Indiana. This Defendant is a debt collector within the meaning and intent of the Fair Debt Collection Practices Act (FDCPA).

6. Christopher Cassidy (Cassidy) is an attorney licensed in Indiana who practices with or for Javitch, Block, & Rathbone. This Defendant is a debt collector within the meaning and intent of the Fair Debt Collection Practices Act (FDCPA).

## JURISDICTION

7. The proper jurisdiction of this case is in Federal Court for the following reasons:

(a) jurisdiction in Federal Court is based on diversity of citizenship as the parties are residents of Indiana, Virginia and Ohio respectively.

(b.) Jurisdiction is further based on the existence of federal questions regarding violations of the Fair Credit Reporting Act ; 15 U.S.C.A sec. 1681et seq. (FCRA) and the Federal Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.A sec. 1692 et seq.

## FACTUAL ALLEGATIONS

8. Plaintiffs were holders of certain Capital One accounts during all times during time pertaining to this lawsuit.

9. The accounts were credit card accounts in the individual name of each Plaintiff

10. During 2001, Plaintiffs suffered financial difficulty and sought the services of the Consumer Credit Counseling Services (CCCS) to resolve their accounts with creditors, including Capital One.

11. CCCS presented Capital One with a proposal to establish a payment schedule, to lower the interest rate charged on the account and to terminate the imposition of over-limit fees and late fees.

12. Plaintiffs made the payments to CCCS as scheduled and CCCS remitted those payments to Capital One.

13. Capital One improperly credited the payments made by the Plaintiffs and remitted by CCCS. Capital One did not reduce the interest rates as agreed with CCCS or cease the imposition of the additional fees referred to above.

14. Capital One's imposition of the additional fees on the accounts caused the accounts to grow from approximately Two Thousand Dollars ($2,000.00) to over Ten Thousand Dollars ($10,000.00).

15. Capital One negligently, improperly, and incorrectly reported the status of the accounts to credit reporting agencies as being delinquent when the payments where being made under the agreement reached by CCCS on the Plaintiffs' behalf.

16.Capital One persistently, wilfully, and negligently refused to communicate with the Plaintiffs about the accounts in question.

17. Capital One filed suit against the Plaintiffs individually in Hamilton County Superior Court.

18. One of the cases filed against was entitled *Capital One Bank vs. Peggy Matthews* under cause number 29D-01-0507-CC-0625.

19. The other litigation was entitled *Capital One Bank vs. Stevens Charles Matthews* under cause number 29D02-0604-CC-376.

20. Both cases sought damages in excess of Ten Thousand Dollars ($10,000.00) against each Plaintiff, and sought the payment of Capital One's legal fees.

21. Both cases were ultimately dismissed, one with prejudice and the other without prejudice, after

Capital One's Motions for Summary Judgment were unsuccessful.

22.The Plaintiffs herein lost wages and were required to spend time and energy to defend these lawsuits, as well as to deal with the constant demands for payment by Capital One Bank made in contravention of the agreement reached between the parties with the help of CCCS, again in contravention of pertinent federal law.

23. Plaintiffs have suffered adverse effects from the wilful, incorrect, improper and negligent treatment of the reporting of the account status to credit reporting agencies and the litigation which ensued from the improper and negligent activities of the Defendant including the lowering of their respective credit scores, the denial of credit, the denial of student loan assistant for their daughter, a higher interest rate on their home mortgage, the denial of refinancing for their home mortgage, higher property insurance rates on their personal residence, and higher health insurance premiums.

24. Plaintiff's have been informed by the staff of credit granting agencies that their applications were denied due to the information on their credit reports, which were, in turn, based on the information negligently and improperly provided by Capital One.

**COUNTS DIRECTED TO CAPITAL ONE BANK**

## VIOLATION OF THE FAIR CREDIT REPORTING ACT.

## COUNT ONE

***Furnishing Inaccurate information to Credit Reporting Agencies***

25. The Plaintiff reiterates the allegations contained in paragraphs 1 - 24 above as if fully set forth herein.

26 The reporting of the debt described in Paragraphs 6 and 7 above in any consumer report on the

Plaintiff after 2002, was and is prohibited by 15 U.S.C.A.. Sec. 1681c(a)(4).

27. On numerous occasions since 2002, the Defendant has caused to be distributed consumer reports that contained the obsolete debts owned by the Plaintiff to Capital One described above.

28. The Defendant was negligent in failing to follow reasonable procedures to assure the maximum accuracy of the information reported about Plaintiffs, thereby violating the Fair Credit Reporting Act 15 U.S.C.A . Sec.1681(e).

29. The Defendant has been requested by Plaintiffs to accurately report and cause to be removed the debt described above from his consumer reports, but Defendant has still refused to comply with 15 U.S.C.A. Sec. 1681c(a)(4).

30. In numerous instances and in the course and conduct of their business, Defendant furnished information related to Plaintiffs to a consumer credit reporting agency when Defendant knew, or avoided knowing, that the information provided was inaccurate, and when Defendant have not provided Plaintiffs with an address or addresses for mailing notices disputing the information.

**Wherefore, Plaintiffs respectfully pray as follows:**

a. That they be awarded actual damages pursuant to 15 U.S.C.A. Sec. 1681(n)(1) and (o)(1);

b. That they be awarded reasonable attorney's fees and all costs of these proceeding pursuant to 15 U.S.C.A 1681 (n)(3) and (o)(2);

c. That they be awarded punitive damages in the amount of pursuant to 15 U.S.C.A Sec. 1681(n)(2), and such other relief as to which they may be entitled.

## COUNT TWO

***Failure to Correct Inaccurate Reporting***

31. The Plaintiff reiterates the allegations contained in paragraphs 1 - 30 above as if fully set forth herein.

32. Defendant regularly and in the ordinary course of business furnished information about their transactions with and/or experiences with consumers, and thus must comply with the provisions of Section 623 (a)(2) of the FCRA, 15 U.S.C. Sec. 1681 s-2(a)(2).

33. In numerous instances the Defendant has furnished information to a consumer reporting agency that Plaintiffs have determined is not accurate and complete. Defendant has failed to promptly notify the consumer credit reporting agency of that determination and have not provided the agency with any corrections and additional information necessary to make the information reported about the Plaintiffs complete and/or accurate, and thereby caused the information furnished to such agencies to remain incomplete and inaccurate.

34. The acts and practices alleged herein constitute violations of Section 623 (a)(2) of the FCRA, 15 U.S.C. 1681 et seq.

**Wherefore, Plaintiffs respectfully pray as follows:**

a. That they be awarded actual damages pursuant to 15 U.S.C.A. Sec. 1681(n)(1) and (o)(1);

b. That they be awarded reasonable attorney's fees and all costs of these proceeding pursuant to 15 U.S.C.A 1681 (n)(3) and (o)(2);

c. That they be awarded punitive damages in the amount of pursuant to 15 U.S.C.A Sec. 1681(n)(2), and such other relief as to which they may be entitled.

## COUNT THREE

*Common Law Claim*

**Breach of Duty of Good Faith and Fair Dealing**

35. The Plaintiffs reiterate the allegations contained in paragraphs 1 - 34 above as if fully set forth herein.

36. Defendants have breached their duty of good faith and fair dealing which flows from their contract with the Plaintiffs, requiring them by implication to refrain from doing anything that would deprive the other party to a contract of their right to receive the fruits of the contract.

37. Defendant intentionally and as a planned business practice breached their duty by:

a) refusal and failure to properly credit Plaintiffs so as to create late fees, deficiency, and litigating with the Plaintiffs over matters settled by accommodation of the Parties;

b) reassessing unauthorized charges, rates, and fees;

c) initiating litigation in lieu of other agreed legal remedies and contractual modification.

**Wherefore, Plaintiffs respectfully pray as follows:**

1. That they be awarded actual damages;

2. That they be awarded punitive damages, and such other relief as to which they may be entitled.

## COUNT FOUR

*Common Law Claim*

**Breach of Duty of Fiduciary Duty**

38. The Plaintiffs reiterate the allegations contained in paragraphs 1 - 37 above as if fully set forth herein.

39. Defendant had a fiduciary relationship with the Plaintiffs in that their accounts were opened due to the faith and confidence Plaintiffs placed in Defendant by them. Plaintiffs gave Defendant special and open access to their financial and personal data and information, and placed them in an inferior and vulnerable position relative to the Defendant.

40. Defendant breached the fiduciary duty to the Plaintiffs by the actions related in this Complaint.

41. As a direct result of the Defendant's actions, Plaintiffs have suffered financial and emotional damages not yet fully ascertained, but those will be proven at trial.

42. Defendant's actions constitute the tort of breach of fiduciary responsibility.

43. Defendant's actions were done with malice, ill will, and/or reckless indifference to the effects upon the Plaintiffs, therefore Plaintiffs are entitled to actual compensatory and punitive damages.

**Wherefore, Plaintiffs respectfully pray as follows:**

1. That they be awarded actual damages;
2. That they be awarded punitive damages, and such other relief as to which they may be entitled.

## COUNT FIVE

***Common Law Claim***

**Negligent Misrepresentation and Intentional Infliction of Emotional Distress**

44. The Plaintiffs reiterate the allegations contained in paragraphs 1 - 43 above as if fully set forth herein.

45. During the course of the Plaintiff's dealings with the Defendant, Defendant negligently and/or intentionally, by acts and by omissions, made material misrepresentation of facts, and were negligent, by making and publishing statements including, but not limited to, assertions that

Plaintiffs were obligated to pay amounts that were improperly or illegally assessed.

46. The damages suffered by the Plaintiffs are unliquidated and ongoing, and will be proved at trial in this cause.

**Wherefore, Plaintiffs respectfully pray as follows:**

a. That they be awarded actual damages;

b. That they be awarded punitive damages, and such other relief as to which they may be entitled.

c. That they be awarded an attorney fee in this matter.

d. That they be awarded any other such relief as is just and proper in these circumstances.

**COUNTS DIRECTED TO DEFENDANTS WELTMAN, JAVITCH, VAN SICKLE, AND CASSIDY**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICED ACT.

## COUNT SIX

***Using False and Deceptive Means to Collect Debt***

47. The Plaintiffs reiterate the allegations contained in paragraphs 1 - 46 above as if fully set forth herein.

48. Weltman, Weinberg, & Reiss, LPA is a professional association of attorneys with offices in Cincinnati, Ohio. This Defendant is a debt collector within the meaning and intent of the Fair Debt Collection Practices Act (FDCPA).

49. R. Matthew Van Sickle is an attorney licensed to practice law in Ohio and practices with or for Weltman, Weinberg, & Reis. This Defendant is a debt collector within the meaning and intent of the Fair Debt Collection Practices Act (FDCPA).

50. Javitch, Block, & Rathbone (Javitch) is a professional association of attorneys with offices in

Indianapolis, Indiana. This Defendant is a debt collector within the meaning and intent of the Fair Debt Collection Practices Act (FDCPA).

51. Christopher Cassidy (Cassidy) is an attorney licensed in Indiana who practices with or for Javitch, Block, & Rathbone. This Defendant is a debt collector within the meaning and intent of the Fair Debt Collection Practices Act (FDCPA).

52. On numerous occasions, in connection with collection of alleged debts and attempts to collect alleged debts from the Plaintiffs, Defendants referred to in rhetorical paragraphs 48-51 above, used false, misleading, or deceptive means or representations in violation of Section 807 of the FDCPA, 15 U.S.C. Sec. 1692 e(2)(A) and (B).

53. The practices of those Defendants included, but was not limited to :

a) Falsely representing the character, nature, amount or legal status of the alleged debt in an attempt to collect debt, all in violation of Sec 807(2) of the FDCPA.

b) Communicating or threatening to communicate to any person credit information which is known to be false and failing to communicate that the debt is disputed, in violation of Sec. 808 (8) of the FDCPA.

c) Using false representations or deceptive means to collect information about the Plaintiffs or attempting to collect debt in such manner, in violation of Section 807(10) of the FDCPA.

54. The Defendants referred to above have used unfair or unconscionable means to collect debt from the Plaintiffs, including but not limited to attempting to collect amounts such as fees., interest, or expenses not authorized by the agreement, and by subsequent agreements, between the Plaintiffs and Defendant Capital One, all in violation of Section 808(1) of the FDCPA..

**Wherefore, Plaintiff respectfully prays as follows:**

a. That they be awarded actual damages pursuant to 15 U.S.C.A. 1692 et seq;

b. That they be awarded reasonable attorney's fees and all costs of these proceeding;

c. That they be awarded punitive damages pursuant to 15 U.S.C.A. 1681(n)(2), and such other relief as to which they may be entitled.

## COUNT SEVEN

***Failure to Provide Required Notices and Disclaimers***

55. The Plaintiffs reiterate the allegations contained in paragraphs 1 - 54 above as if fully set forth herein.

56. On numerous occasions, in connection with the collection of debt and with attempts to collect debt from the Plaintiffs, Defendants Weltman and Van Sickle failed to notify the Plaintiffs of their right to dispute debt and to obtain verification of debt, either in their initial communications with the Plaintiffs, or within five (5) days thereafter, in violation of Section 809(a) of the FDCPA.

**Wherefore, Plaintiff respectfully prays as follows:**

a. That they be awarded actual damages pursuant to 15 U.S.C.A. 1692 et seq;

b. That they be awarded reasonable attorney's fees and all costs of these proceeding;

c. That they be awarded punitive damages pursuant to 15 U.S.C.A 1681(n)(2), and such other relief as to which they may be entitled.

## PLAINTIFFS REQUEST A TRIAL BY JURY IN THIS CAUSE

Affirmed Under The Penalties For Perjury This 18th day of December, 2007.

Steven C. Matthews

Peggy Matthews

Attorney Signatures

Eric C. Jodka #4904-49

Daniel R. Carroll #4129-49

**ERIC C. JODKA**
**DANIEL R. CARROLL**
**6500 E. Westfield Blvd**
**Indianapolis, IN 46220**
**317-259-4259**