UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN C. MATTHEWS and | ) | |
| PEGGY MATTHEWS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-1220-DFH-TAB |
| | ) | |
| CAPITAL ONE BANK, WELTMAN, | ) | |
| WEINBERG & REIS CO., L.P.A., | ) | |
| R. MATTHEW VAN SICKLE, JAVITCH, | ) | |
| BLOCK & RATHBONE, LLP, and | ) | |
| CHRISTOPHER CASSIDY, | ) | |
| | ) | |
| Defendants. | ) | |

ENTRY ON MOTIONS TO DISMISS

Plaintiffs Steven and Peggy Matthews have a long-standing dispute with Capital One Bank over credit card debt.   Capital One sued each plaintiff separately in the Hamilton Superior Court.  Each action was eventually dismissed. Defendants Weltman, Weinberg & Reis, Co., L.P.A., and R. Matthew Van Sickle represented Capital One in the action against Peggy Matthews.   Defendants Javitch, Block & Rathbone, LLP, and Christopher Cassidy represented Capital One in the action against Steven Matthews.

On May 31, 2007, the Matthews, acting *pro se*, filed a new suit against Capital One in Hamilton Superior Court for damages arising from Capital One's attempts to collect from them.  On September 24, 2007, Capital One removed the

action to this court based on diversity of citizenship.  Capital One alleged that it is a citizen of Virginia and the Matthews are citizens of Indiana.  After obtaining counsel, the Matthews filed an Amended Complaint that added claims against Capital One alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x.  The Amended Complaint also added counts six and seven, which allege that defendants the Javitch law firm and attorney Cassidy (together, "the Javitch defendants") and the Weltman law firm and attorney Van Sickle (together, "the Weltman defendants") violated the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, when they attempted to collect from each of the Matthews.  Both the Javitch and Weltman defendants moved to dismiss the counts against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court grants in part and denies in part both motions to dismiss.[1]

Capital One originally removed the case properly on the basis of diversity of citizenship.  The Amended Complaint shifted the basis of jurisdiction to federal question.  The addition of the Javitch defendants appears to have eliminated the

_____

[1]The Javitch defendants and Weltman defendants have both filed motions to strike plaintiffs' responses to the motions to dismiss. Dkt. Nos. 37, 39. Local Rule 7.1(b) requires parties to file a response within fifteen days of service of the initial brief. Plaintiffs admit they did not adhere to this requirement. Dkt. Nos. 44, 45. Plaintiffs' only explanation for their late responses is attorney inadvertence. It is ironic that the plaintiffs find themselves asking to be excused from the consequences of such an error. They allege claims under the FDCPA, a highly technical statute that requires a defendant to prove an affirmative defense of reasonable, good faith efforts to comply with it.  See 15 U.S.C. § 1692k(c). Defendants' motions to strike plaintiffs' response briefs (Dkt. Nos. 35, 36) are granted.  The court considers the motions to dismiss without reference to the plaintiffs' response briefs.

complete diversity of citizenship, but four of the seven counts in the Amended Complaint allege federal claims under the FDCPA and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.  The court has federal question jurisdiction over those claims, 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining state law claims against Capital One.  28 U.S.C. § 1367(a).

*Motion to Dismiss Standard*

In determining whether the FDCPA claims should be dismissed under Rule 12(b)(6), the court must treat the factual allegations in the complaint as true, construe the allegations liberally, and draw all reasonable inferences in the plaintiffs' favor.  See *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005).  A complaint need not make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but it must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  Factual allegations in the complaint must raise a right to relief that is not merely speculative.  *Id.* at 1965.

*Discussion*

The Javitch and Weltman defendants' main argument is that the statute of limitations bars the FDCPA claims.  The FDCPA requires that an action to remedy a violation be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  The FDCPA claims were raised for the first time

in the Amended Complaint, which was submitted to the court on December 21, 2007, approved and filed on January 16, 2008, and served on the defendants on May 21, 2008.

The Javitch and Weltman defendants' argument raises several issues. The first issue is whether the court can consider the Hamilton Superior Court docket sheets, which establish when Capital One's lawsuits against the Matthews were filed and dismissed, without converting the motions to dismiss into motions for summary judgment. The second issue is when the statute of limitations for the defendants' alleged violations of the FDCPA began running. The third issue is when the statute of limitations stopped running for claims that were first submitted to the court on December 21, 2007 but not formally filed until January 16, 2008. The court finds it must deny dismissal of the FDCPA claims at this stage. The court also finds that it must dismiss plaintiffs' plea for punitive damages against the Javitch and Weltman defendants under the Fair Credit Reporting Act.

I.     *The State Court Docket Sheets*

The court can consider the Hamilton Superior Court docket sheets, which were not attached to the Amended Complaint, to help determine when the alleged FDCPA violations occurred. In general, when matters outside of the pleadings are presented in support of a Rule 12(b)(6) motion, the court must either exclude

those matters from consideration or must convert the motion to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d). However, a district court can "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see *General Electric Capital Corp.*, 128 F.3d at 1081. Federal courts can take judicial notice of the decisions of both federal and non-federal courts. *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996).

Without converting the motions to dismiss into motions for summary judgment, the court takes judicial notice of the Hamilton Superior Court docket sheets for Capital One's collection lawsuits against Steven and Peggy Matthews. Dkt. No. 25, Ex. 1; Dkt. No. 31, Ex. 1. The court is not giving dispositive effect to the state court's orders or any elements of its orders; it is merely noticing the cases' progress through the state court.

II.     *Starting the Clock*

FDCPA claims must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  The Seventh Circuit has not determined when the FDCPA's statute of limitations begins to run when the violation arises from a collection lawsuit.  The Javitch and Weltman defendants argue that the statute began to run when the Matthews received Capital One's summonses in the state court collection actions.  Defendants' arguments are reasonable, but the nature of notice pleading and the vagueness of the Amended Complaint make it impossible to determine definitively that the statute began to run before the lawsuits were dismissed.[2]

The Javitch and Weltman defendants urge the court not to apply the "continuing violation doctrine."  When applicable, the doctrine provides that the statute of limitations does not begin to run on a continuing wrong until the wrong has been concluded.  If the only alleged violations of the FDCPA are the filing of the lawsuits, the course of the lawsuits cannot be a continuing violation.  In that case, the statute would begin to run on the dates of service because, as of those dates, the attorneys were allegedly violating the FDCPA.  See *Johnson v. Riddle*, 305 F.3d 1107, 1113-14 (10th Cir. 2002).

---

[2]The statute of limitations must be measured from different dates for the Javitch and Weltman defendants.  The claim against the Javitch defendants can plausibly arise only from the collection suit against Steven Matthews.  The claims against the Weltman defendants can plausibly arise only from the collection suit against Peggy Matthews.

However, the nature of the FDCPA makes it possible that violations occurred in addition to the filing of the lawsuits. Both § 1692e and § 1692f list several wrongs that can constitute violations, and the statute of limitations runs "from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Javitch and Weltman defendants may have committed many acts that constitute "a violation." The Amended Complaint is not sufficiently specific for the court to determine when the alleged violations occurred. It is possible that some of the violations occurred during the conduct of the lawsuits. It is also possible that the continuing violation doctrine may apply to acts committed during the lawsuits.

The defendants point to cases in other circuits to support the proposition that the statute begins to run when a collections lawsuit is filed or its summons is served. These cases are helpful, but they are not directly on point. *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 260-61 (8th Cir. 1992), decided at the summary judgment stage, held that when a complaint alleged that a debt collector violated the FDCPA by sending two letters to the debtor, the statute of limitations began to run on the dates the letters were sent. *Mattson* does not support the defendants' argument, at least at the pleading stage when the court does not know more about the plaintiffs' allegations. *Mattson* held that the FDCPA's statute of limitations clock started to run when the defendant's conduct was complete and the defendant could no longer comply with the FDCPA. *Id.* at 261. At the pleading stage, the court simply cannot ascertain that date in this case.

*Naas v. Stolman*, 130 F.3d 892, 892-93 (9th Cir. 1997), is more analogous to this case. In *Naas*, plaintiffs alleged that defendants violated the FDCPA by filing a lawsuit to recover unpaid hospital bills. The Ninth Circuit held that the statute of limitations began to run when the lawsuit was filed because that was the defendants' last opportunity to comply with the FDCPA. *Id.* at 893. *Naas* is persuasive, but, again, the allegations in this case are not precise enough to determine whether any alleged violations occurred when the lawsuits were filed. At this stage, applying the Rules 12(b)(6) standard, the court simply cannot determine the specific dates that the Javitch and Weltman defendants' alleged violations occurred. However, the Amended Complaint does not plausibly allege any violations after the dismissal of the lawsuits, so the court will take the date of dismissal in each lawsuit as the last possible day that a violation could have occurred against the plaintiffs.

III.    *Timing of the Amended Complaint*

When the statute of limitations is based on federal law, it stops running when the complaint is filed. *Robinson v. Doe*, 272 F.3d 921, 922 (7th Cir. 2001). However, when a party submits a motion for leave to amend its complaint and accompanies the motion with a proposed amended complaint, the statute of limitations is tolled even though the amended complaint is technically not filed until the court grants the motion to amend. *Moore v. Indiana*, 999 F.2d 1125,

1131 (7th Cir. 1993).[3]  On December 21, 2007, plaintiffs submitted the proposed Amended Complaint to the court with the motion to amend.  Even though the motion to amend was not granted until January 16, 2008, and the Amended Complaint was technically "filed" at that point, the statute of limitations was tolled as of December 21, 2007.[4]

IV.   *Calculating Whether the Statute of Limitations Bars the FDCPA claims*

The court cannot determine that the Matthews' FDCPA claims are barred by the statute of limitations.  The claims against the Javitch defendants arise out of their representation of Capital One in its litigation against Steven Matthews. The Complaint in that lawsuit was filed on April 24, 2006, and it was dismissed

---

[3]The plaintiffs did not issue a summons to the Javitch and Weltman defendants until May 21, 2008 (Dkt. No. 21), but "[f]ederal courts treat the filing of a complaint as satisfying the statute of limitations, even though the defendant may not learn about the suit until service of process after the period of limitations has expired."  *Williams-Guice v. Board of Education of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995); see Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

[4]Though the court does not have sufficient information at the pleading stage to determine if the claims were time barred on December 21, 2007, it notes that relation back does not apply to the Matthews' claims.  In order for an amendment that adds a party to relate back to the date of the original pleading, the new party must have received notice of the suit within Rule 4(m)'s service of process timeframe, and the new party should have known that it would have been named "but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)©).  There was no mistake in this case.  Rather, it appears that plaintiffs simply were not aware of the proper parties.  Plaintiffs filed their original Complaint *pro se* in Hamilton Superior Court.  They eventually obtained counsel and filed the Amended Complaint, which added the Javitch and Weltman defendants and the FDCPA claims.  Plaintiffs made no "mistake," so relation back is inappropriate.

on September 17, 2007.  Dkt. No. 25, Ex. No. 1.  The claims against the Weltman defendants arise out of their representation of Capital One in its litigation against Peggy Matthews.  The Complaint in the lawsuit against Peggy Matthews was filed on July 28, 2005, and it was dismissed on December 21, 2006.  Dkt. No. 31, Ex. No. 1.  It is possible that the plaintiffs' claims include violations of the FDCPA that occurred after the beginning of the lawsuits.  Violations could have occurred at any point before the lawsuits were dismissed.  Because both lawsuits concluded within a year of the tendering of the proposed Amended Complaint (December 21, 2007), a motion to dismiss the claims based on the statute of limitations must be denied.  See *Johnson*, 305 F.3d at 1114-15 (suit filed on one year anniversary of violation is "within one year" of FDCPA violation); see also *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (using Rule 6(a) to calculate statute of limitations and finding that statute of limitations that expires one year "from" the date of an event begins to run the day after the event).  However, plaintiffs will have to show discrete violations of the FDCPA or show a situation where the continuing violation doctrine applies as this case moves forward.  To that effect, the court invites the Javitch and Weltman defendants to serve contention interrogatories on the plaintiffs to determine when the alleged violations occurred.

V.    *Request for Punitive Damages Under the Fair Credit Reporting Act*

In counts six and seven of the Amended Complaint, plaintiffs request "punitive damages pursuant to" 15 U.S.C. § 1681(n)(2).  Section 1681(n)(2) does

not exist.  The court assumes that the plaintiffs are referring to § 1681n(a)(2), which allows punitive damages for violations of the Fair Credit Reporting Act (FCRA).  But plaintiffs do not allege that the Javitch and Weltman defendants violated the FCRA.  Insofar as the Amended Complaint can be construed as containing claims under FCRA against the Javitch and Weltman defendants, those claims are dismissed.  The court does not address the FCRA claims against Capital One.

*Conclusion*

For the foregoing reasons, the Javitch and Weltman defendants' motions to dismiss (Dkt. Nos. 24, 30) are granted as they pertain to the FCRA claims and denied as they pertain to the FDCPA claims.  Both defendants' motions to strike (Dkt. Nos. 37, 39) are granted.

So ordered.

Date: October 24, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Daniel Carroll
CARROLL LAW FIRM
dancarroll51@yahoo.com

Eric Jodka
jodka@kconline.com

Eric Kinder
SPILMAN, THOMAS & BATTLE, PLLC
ekinder@spilmanlaw.com

Susan Zoeller
BARNES & THORNBURG, LLP
susan.zoeller@btlaw.com

Brent Taylor
BAKER & DANIELS
bdtaylor@bakerd.com

Catherine Meeker
BAKER & DANIELS
cameeker@bakerd.com

Michael Slodov
JAVITCH, BLOCK & RATHBONE, LLP
mslodov@jbandr.com